CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JULIA C. DUDLEY, CLERK
BY: s/ SUSAN MOODY
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| FRANKL MILLER WEBB & MOYERS, LLP, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 7:19cv143–HEH ) |
| CREST ULTRASONICS CORP., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM ORDER
(Denying Defendant's Motion for Jury Trial)

THIS MATTER is before the Court on Defendant's Motion for Jury Trial (the "Motion"), filed on September 6, 2019 (ECF No. 31). This Motion contains Defendant's first jury demand on any issues in this case. For the reasons set forth below, the Court finds Defendant has waived its right to a jury trial. Upon due consideration, and exercising its discretion under Federal Rule of Civil Procedure 39(b), the Court will deny Defendant's Motion.

The right to a jury trial is not automatic. *See General Tire & Rubber Co. v. Watkins*, 331 F.2d 192, 195 (4th Cir. 1964). A party may request a jury trial by serving a demand in writing any time after the commencement of the action but not later than fourteen days after service of the last pleading directed to that issue. *See* Fed. R. Civ. P. 38(b); *Tech. and Supply Mgmt., LLC v. Johnson Controls Bldg. Automation Sys., LLC*, No. 1:16-cv-303, 2016 WL 9412456, at *1 (E.D. Va. Dec. 1, 2016). Failing to do so as required constitutes waiver by that party of a jury trial. *See* Fed. R. Civ. P. 38(d);

*McCray v. Burrell*, 516 F.2d 357, 371 (4th Cir. 1975). In its discretion, however, the court may, upon motion, order a jury trial on any or all issues. *See* Fed. R. Civ. P. 39(b); *see also Keatley v. Food Lion, Inc.*, 715 F. Supp. 1335, 1338 (E.D. Va. 1989) ("FRCP 39(b) empowers the Court, in its discretion, to order a trial by jury notwithstanding the failure of a party to properly demand a jury").

In deciding whether to a grant a party's request for a jury trial, the court is guided by four factors: (1) whether the issues are more appropriate for a determination by a jury or a judge; (2) whether granting a jury trial would prejudice the opposing party(s); (3) the timing of the motion; and (4) any effect a jury trial would have on the court's docket and orderly administration of justice. *Malbon v. Pa. Millers Mut. Ins.*, 636 F.2d 936, 940 n.11 (4th Cir. 1980). In addition to the four factors of *Malbon*, courts in this Circuit have also found the justifiability of the delay to be an important consideration. *See, e.g., Vannoy v. Cooper*, 872 F. Supp. 1485, 1489 (E.D. Va. 1995).

This is a decision committed to the discretion of the trial court. *Malbon*, 636 F.2d at 940. "[Courts] grant[] such motions infrequently, and ordinarily only when the moving party presents some exceptional circumstance, beyond mere inadvertence, to justify the original waiver." *Gelardi v. Transamerica Occidental Life Ins.*, 163 F.R.D. 495, 496 (E.D. Va. 1995) (citing *Keatley*, 715 F. Supp. at 1338); *see also McCray*, 516 F.2d at 371.

Here, the parties dispute the filing date of the last pleading on the issue. Plaintiff contends that Defendant's Answer was filed on April 1, 2019, when Defendant filed its Motion to Set Aside Default (to which Defendant attached its Answer) (ECF No. 14).

Defendant asserts, however, that its Answer was not deemed filed until default was set aside on August 20, 2019 (ECF No. 25). Yet, Defendant did not make a jury demand until September 6, 2019—a date beyond the fourteen-day deadline for a timely jury demand of either filing date. Thus, there is no dispute that Defendant failed to make a timely demand for a jury trial and, as a result, waived its right to a jury trial.

Thus, the decision to hold a jury trial is within this Court's discretion. Applying the four factors provided by the Fourth Circuit, this Court exercises its discretion under Federal Rule of Civil Procedure 39(b) to deny Defendant's Motion.

This Court finds the first, second, and third *Malbon* factors determinative. The first factor focuses on the appropriateness of the issues for trial by a jury. The crux of the issues in this case surround the work and fees required for litigation. Presentation of such issues will require costly expert witnesses to familiarize the jury with these complex concepts, whereas the Court is already well-versed in this area. *See Malbon*, 636 F.2d at 940 n.11 (defining the first factor as "factual versus legal, legal versus equitable, simple versus complex"). Therefore, this factor counsels against holding a jury trial.

Joint consideration of the second and third *Malbon* factors, the potential prejudice to the opposing party and the timing of the motion, is instructive. Although Defendant asserts that Plaintiff will not be prejudiced because there is still time for preparation before the trial date, this Court disagrees. Defendant has been dilatory in its actions throughout this suit, and the tardiness of Defendant's jury demand is not a singular instance of Defendant's delinquency. First, Defendant's initial delay caused it to be entered into default on March 21, 2019. In addition, Defendant later appeared for a

settlement conference in August 2019—which required the parties to travel from Roanoke to Richmond—without meaningful intentions of settling. Defendant's repeated insincerity has been at Plaintiff's expense. Thus, Plaintiff has already been prejudiced by Defendant's delay. That this Motion was filed with time remaining for more preparation does not justify yet another delay by Defendant.

Finally, *Vannoy*'s fifth factor, which courts in this Circuit have considered in conjunction with the *Malbon* factors, disposes of the issue. Conspicuously absent from Defendant's Motion is any justification for its delay in making the jury demand. Such a failure has repeatedly been found undeserving of relief. *See Malbon*, 636 F.2d at 936 (affirming district court's denial of untimely jury demand); *Vannoy*, 872 F. Supp. at 1489 (noting that courts have evidenced an "unwillingness to exercise discretion absent a compelling reason to do so"); *Keatley*, 715 F. Supp. at 1338 ("Unless some cause beyond mere inadvertence is shown, untimely requests for jury trials should be denied.").

Accordingly, for the reasons stated, Defendant's Motion is DENIED.

The Clerk is directed to send a copy of this Order to all counsel of record.

It is so ORDERED.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Oct. 28, 2019
Richmond, Virginia