# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Roanoke Division

| | |
|---|---|
| FRANKL MILLER WEBB & MOYERS, LLP, <br>     Plaintiff, <br><br> v. <br><br> CREST ULTRASONICS CORP., <br><br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 7:19cv143–HEH <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION
### (Granting in Part Plaintiff's Motion for Summary Judgment)

This matter is before the Court on Frankl Miller Webb & Moyers, LLP's ("Plaintiff") Motion for Summary Judgment (ECF No. 29), filed on September 5, 2019. Plaintiff filed its Complaint on February 7, 2019 (ECF No. 1), seeking to recoup from Crest Ultrasonics Corporation ("Defendant") fees and costs stemming from its representation of Defendant in *Alcorn v. Crest Ultrasonics Corp.*, No. 7:17-cv-227–EKD, 2018 WL 4264601 (W.D. Va. Sept. 6, 2018). Defendant contends that summary judgment would be inappropriate in this case because there is a factual dispute as to whether the decision by Plaintiff to incur these fees and costs was reasonable.

All parties have filed memoranda supporting their respective positions (ECF Nos. 30, 35, 43). The Court will dispense with oral argument on the issue of liability because the facts and legal contentions are adequately presented in the materials before it, and oral argument would not aid in the decisional process. E.D. Va. Local Civ. R. 7(J). For the reasons stated herein, Plaintiff's Motion for Summary Judgment will be granted in

part.

In May 2017, Defendant retained Plaintiff to defend it in the above-mentioned *Alcorn* action pending in the Western District of Virginia. (Compl. ¶ 5; Answer ¶ 5, ECF No. 14-1.) In the course of the representation, the parties entered into a written contract, the terms of which were specified in a retainer letter sent by Plaintiff to Defendant on May 30, 2017. (*See* Compl. Ex. A, ECF No. 1-1.) One of the principal components of this agreement was Plaintiff's compensation. The fixed rate for Plaintiff's services was "$250.00/hour for partners, $200.00/hour for associates and $100/hour for paralegals" for the duration of Plaintiff's representation. (Compl. Ex. A, at 2.) Plaintiff indicated that it would "bill [Defendant] monthly, with payment due upon receipt." (*Id.*)

Plaintiff also noted that "[c]ertain expenses, such as those associated with experts . . . [would] be forwarded to [Defendant] . . . ." (*Id.*) Plaintiff received authorization from Defendant to retain experts on behalf of Defendant in October 2017, understanding this authorization to include Defendant's consent to receive bills for the services of these experts moving forward based upon the retainer letter. (Pl.'s Mem. Supp. 4, ECF No. 30; Pl.'s Mem. Supp. Ex. 4, ¶ 4, ECF No. 30-2; Compl. Ex. A, at 2.) Plaintiff's billing statement reflects that Defendant made timely and complete payments to Plaintiff from June 2017 to February 2018. (*See* Compl. Ex. B, ECF No. 1-2.)

Plaintiff filed a motion for summary judgment on behalf of Defendant in July 2018. (*See* Def.'s Mot. Summ. J., ECF No. 57, No. 7:17-cv-227–EKD.) Because Plaintiff deposed Defendant's experts shortly thereafter, it supplemented its motion for summary judgment twice in August 2018. (*See* Def.'s Supp. R. Mem. Supp. Mot. Summ.

J., ECF Nos. 66, 76, No. 7:17-cv-227-EKD.) Ultimately, Plaintiff's representation of Defendant spanned from May 2017 to September 2018, when Defendant was awarded summary judgment in the *Alcorn* action on the basis of the applicable statute of limitations. (Compl. ¶ 8; Def.'s Mem. Supp. 2, ECF No. 35.) Yet, Plaintiff's billing statement indicates that Defendant did not make any further payments to Plaintiff following February 2018. (Compl. Ex. B, at 4.)

At the conclusion of its representation of Defendant, Plaintiff sought payment of the attorneys' fees and costs for the period of February to September 2018. (Compl. ¶¶ 9–10.) In addition, Plaintiff requested reimbursement for expert fees and costs that it advanced to Defendant's experts. (Pl.'s Mem. Supp. 4; Pl.'s Mem. Supp. Ex. 4, ¶ 4.) In November 2018, Defendant notified Plaintiff that it did not intend to pay Plaintiff the outstanding expert fees and costs or the remaining attorneys' fees and costs. (*See* Pl.'s Mem. Supp. 4; Pl.'s Mem. Supp. Ex. 6.)

Plaintiff filed this action on February 7, 2019, seeking to recover the attorneys' and expert fees and costs from Defendant. This Court held a settlement conference on August 20, 2019, at which time the parties could not reach a resolution. Following that conference, the Court reinstated the Scheduling Order, and Plaintiff filed its Motion for Summary Judgment. The parties are now before this Court to resolve the issues of liability and damages.

The standard of review for summary judgment motions is well settled in the Fourth Circuit. "Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment [is appropriate] if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The relevant inquiry in a summary judgment analysis is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. In reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party. *Id.* at 255.

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48. Indeed, summary judgment must be granted if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

To defeat an otherwise properly supported motion for summary judgment, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, the mere existence of a scintilla of evidence, or the appearance of some metaphysical doubt concerning a material fact." *Lewis v. City of Va. Beach Sheriff's Office*, 409 F. Supp. 2d 696, 704 (E.D. Va. 2006) (citations omitted).

The court cannot weigh the evidence or make credibility determinations in its summary judgment analysis. *Williams v. Staples, Inc.*, 372 F.3d 662, 667 (4th Cir. 2004).

In analyzing a motion for summary judgment, it is important to keep in mind that a material fact is one that might affect the outcome of a party's case. *Anderson*, 477 U.S. at 248; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *see also Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001). A "genuine" issue concerning a material fact only arises when the evidence, viewed in the light most favorable to the nonmoving party, is sufficient to allow a reasonable jury to return a verdict in that party's favor. *Anderson*, 477 U.S. at 248.

Based upon the foregoing principles, the Court finds that there is no genuine dispute as to any material fact, and therefore, Plaintiff is entitled to summary judgment as a matter of law on the issue of liability.

In this case, the parties' dispute is resolved by fundamental principles of contract law. In order to succeed on a breach of contract claim, a plaintiff must demonstrate that "the defendant owed [the] plaintiff a legally enforceable obligation, the defendant violated that obligation, and the plaintiff suffered injury or damage as a result of the defendant's breach." *See SunTrust Mortgage, Inc. v. Nationwide Equities Corp.*, Civil Action No. 3:12CV330–JRS, 2012 U.S Dist. LEXIS 148808, at *8–9 (E.D. Va. 2012) (citing *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004)). Here, Defendant's principal

challenge focuses on its obligation to remit Plaintiff's fees and costs for disputed services. Defendant's objection fails for two reasons.

First, Defendant retained Plaintiff to defend it in the *Alcorn* action. (*See* Compl. ¶ 5; Compl. Ex. A, at 2 ("On May 24, 2017, Crest retained Frankl Miller to defend it in the Alcorn Action and agreed to a rate of $250.00/hour for partners, $200.00/hour for associates and $100/hour for paralegals.").) Defendant concedes entering into such a commitment with Plaintiff. (*See* Answer ¶ 5.) Defendant further consented to the retention of experts, knowing it would receive the experts' bills. (*See* Pl.'s Mem. Supp. Ex. 4, ¶ 4; Compl. Ex. A, at 2.) Therefore, the Court finds it is indisputable that Plaintiff and Defendant entered into a contract, and Defendant owed Plaintiff a legally enforceable obligation with regard to both the attorneys' fees and costs and expert fees and costs.

Second, in Defendant's Memorandum, Defendant does not dispute it ceased making payments to Plaintiff. Defendant, instead, refuses to remit the amount sought by Plaintiff, claiming that the issue at hand surrounds the reasonableness of Plaintiff's decision to incur these fees and costs. (*See* Def.'s Mem. Supp. 1 ("This case turns entirely on whether it was reasonable for [Plaintiff] to incur substantial legal fees and expert witness costs . . . .").) Not only does Defendant's admission that it has not compensated Plaintiff establish Defendant violated its obligation to Plaintiff and injured Plaintiff, but Defendant's response also fails to address the substance of Plaintiff's breach of contract and quantum meruit claims.

Conspicuously absent from Defendant's submissions to this Court is any law supporting its position. Defendant relies on nothing more than "conclusory allegations"

6

that Plaintiff accumulated unreasonable and unnecessary costs. *Lewis*, 409 F. Supp. 2d at 704. Defendant fails to cite even a single case demonstrating this is a viable defense to an otherwise undisputed obligation to pay.[1]

This is likely because Defendant's core grievance is not his contractual obligation, but his contention that Plaintiff's fee was excessive and unnecessary—which is not a viable legal defense. Summary judgment cannot be awarded simply on Defendant's opinion that the attorneys' and expert fees were too high because such a contention alone does not constitute a genuine issue of material fact as to liability. *See Morris Law Office PC v. Tatum*, 388 F. Supp. 2d 689, 705 (W.D. Va. 2004) (finding a plaintiff's claim of unreasonable fees too self-serving to be considered evidence). At base, it appears Defendant simply quarrels with the fact that it must compensate its attorneys for their services. The Court reminds Defendant that Plaintiff did not agree to represent Defendant *pro bono*.

It is, thus, clear from the evidence that Defendant breached its obligation to compensate Plaintiff for the services rendered and costs advanced, which Plaintiff now seeks to recoup. Thus, Defendant breached its contract with Plaintiff, and there exists no genuine dispute as to any material fact surrounding the issue of liability.

Accordingly, Plaintiff's Motion for Summary Judgment will be granted with respect to liability. However, the quantum of fees to which Plaintiff is entitled is an issue

---

[1] In a footnote in its Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, Defendant includes a string cite, listing cases in which continuances were granted this year. (Def.'s Mem. Supp. 6 n.3.) Without more, the fact that courts in this jurisdiction have granted continuances this year is not relevant to this Court's determination of liability in this case.

7

which must abide the evidentiary hearing scheduled for December 17, 2019. Therefore, Plaintiff's Motion for Summary Judgment will be granted in part and denied in part.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Nov. 22, 2019
Richmond, Virginia